AVEGALIO SEKIO and SALAVEA NUU of Leone, Plaintiffs

v.

SUAFOA of Leone, Defendant

No. 5-1932

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Laloasi," "Aupuga" and "Mulivai" in Leone]

January 16, 1933

HARRY P. WOOD, *Chief Justice;* LUTU, *Associate Judge*

DECISION

This case was brought before the High Court to determine title to a small piece of land in Leone called Laloasi by Suafoa, who offers it for registration. Avegalio, an objector, who claims title to part of this land calls

the land claimed by him Aupuga and Salavea who claims all the land offered by Suafoa except that part thereof claimed by Avegalio, Mulivai.

Avegalio has withdrawn his objection for the reason that Suafoa has agreed to give him the piece of land which he claims which is that part of the land offered for registration which lies on the western side of the stream running through the surveyed land from north to south.

Suafoa and his witness base their claim to the remainder of Laloasi on the ground that it is family land of the Suafoa family, which family they state has had the sole and exclusive use of the land during the lifetime of the past five holders of the name Suafoa; have lived on it and planted plantations on it without objection or hindrance from anyone for at least fifty years, except that at one time there was an objection to the burying of one of the Suafoas on the land by the Salavea family, which objection was disregarded.

One witness in behalf of the Suafoa family was an old lady named Milo, over seventy years old, who had lived on the land over fifty years, and testified that none of the Salavea family have lived on or cultivated this land in that time. On the contrary, that it has been exclusively used and occupied by the Suafoa family.

Salavea does not claim the land as the matai of a Samoan family but as an individual. His claim is based upon his statement that the land was given to his grandfather by his great-grandfather Sua, that this grandfather gave it to Salavea's father and that his father gave it to him. Salavea says that he has not lived on the land since he became a matai, which he says was about twenty years ago, but the Court records show that he became a matai in 1889, forty-three years ago. He also claimed that his father lived on this land and built houses

on it in the past, to the eastward of the land claimed by Avegalio and while he does not deny that the Suafoa family has been living on the land for many years, yet he states that such occupancy is by the permission of him and his predecessors in title, especially by the permission of his Aunt Sa, a woman eighty-four years of age, his father's sister.

Sa's statement is that Suafoa and his descendants have lived on the eastern part of the land (east of the stream) and that she personally gave permission to Suafoa Penupenu (the fourth in line from the present Suafoa) to live on the land in her house and that against her will after leaving her house he built a house for himself on this land and subsequently another house and continued living on the land and that his successors have lived there for fifty years but until how recently she does not state. She also testified that the Salavea family were also living on the land when the American Flag was raised. She claims the pule to the land at the present time.

As the parts of the land filed for registration claimed by each of the parties at the time of trial are not surveyed, this Court cannot now accurately apportion it by this decision. It seems to be agreed that Avegalio is entitled to that part of the land offered for registration which lies west of the stream and north from the road passing through it to the northern boundary. As to this piece of land it is the decision of the Court that the title to it is to Avegalio. As for the rest of the land, it is the decision of the Court that the title thereof is in the matai name Suafoa, if for no other reason, that the weight of testimony is that the Suafoa family has had an uninter-'rupted and adverse use of this land for a period of at least forty years under a claim of right, whereas the Salavea family has not used or cultivated this land for at least twenty years.

477

If the parties desire a more precise definition of the boundaries of the land claimed by them, let them have them surveyed for registration in this case.

Court costs of $25.00 to be paid by Salavea.